**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sheila V. Studymire,<br><br>        Plaintiff,<br><br>vs.<br><br>Bright Horizons Children's Center, Inc.,<br><br>        Defendant. | No. CV-09-1122 PHX DGC<br><br><br>**ORDER** |

Plaintiff Sheila Studymire filed the present action against Defendant Bright Horizons Children's Center, Inc., claiming that she was fired from her position at Bright Horizons based on a complaint she made to the EEOC. Dkt. #1. On November 17, 2009, Bright Horizons filed a motion to dismiss. Dkt. #9. For the reasons that follow, the Court will grant Bright Horizons' motion.

On June 22, 2006, Studymire filed a charge with the EEOC against Bright Horizons, alleging that she was discriminated against on the basis of a disability in violation of Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111-12117. *See* CV-08-0772-PHX-ROS, Dkt. #1 at 2. She received her right-to-sue letter from the EEOC on January 25, 2008, and, on April 23, 2008, she sued Bright Horizons in this Court based on the alleged discrimination. *Id.* at 1-8. On November 26, 2008, the parties stipulated to dismiss that action. CV-08-0772-PHX-ROS, Dkt. #13. It is unclear from the stipulation why the parties agreed to the dismissal.

On April 30, 2008 – seven days after she filed suit in this Court based on the alleged discrimination – Studymire was terminated from her position at Bright Horizons. Dkt. #1 at 5. A few months later, on the same day that she stipulated to dismiss the underlying discrimination suit, Studymire filed the present action claiming that Bright Horizons terminated her in retaliation for filing her charge with the EEOC. *Id.*

Bright Horizons has filed a motion to dismiss Studymire's current complaint on four grounds: (1) service of process was insufficient, (2) Studymire has failed to prosecute, (3) this Court lacks subject matter jurisdiction, and (4) Studymire has failed to state a claim under Federal Rule of Civil Procedure 8. The Court agrees that it lacks subject matter jurisdiction over Studymire's claim and, as a result, will dismiss this action.

"The party asserting jurisdiction has the burden of proving all jurisdictional facts." *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)); *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 114 S. Ct. 1673, 1675 (1994). In effect, a court presumes lack of jurisdiction until the plaintiff proves otherwise. *See Kokkonen*, 114 S. Ct. at 1675; *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). The defense of lack of subject matter jurisdiction may be raised at any time by the parties or the court. *See* Fed. R. Civ. P. 12(h)(3).

To establish subject matter jurisdiction for an ADA claim of retaliation, Studymire must show that she exhausted her administrative remedies by timely filing a charge with the EEOC. 42 U.S.C. § 12203; *see B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002) (citing *EEOC v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir. 1994)). "Subject matter jurisdiction extends over all allegations of discrimination that either 'fell within the scope of the EEOC's *actual* investigation or an EEOC investigation which *can reasonably be expected* to grow out of the charge of discrimination." *B.K.B.*, 276 F.3d at 1100 (quoting *Farmer Bros.*, 31 F.3d at 899) (emphasis in original); *see Sosa v. Hiraoka*, 920 F.2d 1451, 1456 (9th Cir. 1990). Allegations not included in the EEOC charge may be considered if the new claims are "'like or reasonably related to the allegations contained in the EEOC

charge.'" *B.K.B.*, 276 F.3d at 1100 (citations omitted).

Studymire filed an ADA charge with the EEOC based on disability discrimination. She did not, however, file a subsequent EEOC charge based on the retaliation she claims occurred because of her original EEOC charge. The question before this Court is whether a retaliation claim based on conduct that occurs after the filing of an EEOC charge is a claim that "can reasonably be expected to grow" out of the original EEOC charge of discrimination under the ADA. *Id.*

The Ninth Circuit has not considered this exhaustion issue as it relates to an ADA charge and a corresponding retaliation claim. It has, however, considered this issue as it relates to an EEOC charge under Title VII. Because the ADA exhaustion requirement for a retaliation claim is essentially the same as the exhaustion requirement in Title VII cases, the Ninth Circuit's opinions relating to Title VII are directly relevant. *See* 42 U.S.C. § 2000e-5(f)(1) (requiring a party to receive a right-to-sue letter from the EEOC before filing suit in court for any Title VII claim); 42 U.S.C. § 12203 (stating that a party claiming retaliation based on filing an EEOC charge for employment discrimination under the ADA must follow the procedures available under 42 U.S.C. § 12117 which, in turn, requires that party to follow the requirements for a Title VII claimant under 42 U.S.C. § 2000e-5(f)(1)).

The controlling Ninth Circuit precedent is *Vasquez v. County of Los Angeles*, 349 F.3d 634 (9th Cir. 2004). While working at a juvenile detention center, Vasquez experienced conflicts with his supervisor, Berglund, who worked in the same "cottage" as Vasquez – the turquoise cottage. Berglund told Vasquez "that [he] was too domineering . . . and had a 'typical Hispanic macho attitude.'" *Id.* at 638. In response to this comment, Vasquez filed a grievance against Berglund with the detention center. *Id.* The following year, Berglund accused Vasquez of lying to her, and, in response, Leeds – the supervisor of both Berglund and Vasquez – transferred Vasquez out of turquoise cottage. *Id.* at 638-39. In response, Vasquez filed an EEOC charge claiming harassment and disparate treatment, which detailed Berglund's claim that he lied and Leeds' decision to transfer him out of turquoise cottage.

After Vasquez received his right-to-sue letter from the EEOC, Leeds threatened to move him to an entirely different detention center if he continued to pursue his charge. Soon after, Vasquez filed a lawsuit under Title VII alleging the discrimination at issue in his original EEOC charge plus a claim of retaliation based on Leeds' threat to transfer him to a different facility and a claim of retaliation based on Leeds' decision to transfer him out of turquoise cottage.

The Ninth Circuit was required to decide whether the retaliation claims were "reasonably related to the EEOC charge" such that Vasquez exhausted his administrative remedies. In doing so, the Ninth Circuit considered the following factors: "the alleged basis of the discrimination, dates of discriminatory acts specified within the charge, perpetrators of discrimination named in the charge, and any locations at which discrimination is alleged to have occurred." *Id.* at 644. The court held that the retaliation claim based on Leeds' threat to transfer him to a different facility was not reasonably related to the underlying EEOC complaint because that alleged retaliation would not have fallen "under an investigation that the EEOC would have conducted" based on the discrimination charge. *Id.* at 645. The court found that the EEOC would not have investigated Leeds because it was Berglund who was accused in the original discrimination charge. More importantly, the threat to transfer Vasquez "occurred several months after the alleged harassment and even after the EEOC had issued its right to sue letter," meaning that "[t]he EEOC could not have investigated that incident because it had not yet happened at the time the EEOC was conducting its investigation." *Id.* The Ninth Circuit held that "[b]ecause Vasquez did not present the legal theory of unlawful retaliation, and the operative facts regarding this part of his claim were not related to the facts in the EEOC charge, he did not exhaust his administrative remedies" and there was no jurisdiction. *Id.*

For the retaliation claim based on Leeds' decision to transfer Vasquez out of the turquoise cottage, however, the Ninth Circuit found that the claim was sufficiently related to the EEOC charge. Because the EEOC charge discussed the fact that Vasquez was transferred out of the turquoise cottage – even though it did not technically allege that this

1 transfer was retaliation for filing the grievance against Berglund for saying he had a machismo attitude – the charge contained the relevant factual allegations necessary to support his retaliation claim. *Id.* at 645-646. This was, in substantial part, because Vasquez had already been transferred from the turquoise cottage at the time he filed his EEOC charge.

Studymire filed a charge with the EEOC based on job discrimination in violation of the ADA. *See* CV-08-0772-ROS, Dkt. #1. She alleged that her employer discriminated against her by placing her on medical leave because she could not lift more than eight pounds. *Id.* at 4-5. Her EEOC charge did not contain any factual allegations that could support her current retaliation claim, which is based solely on her termination. Because the termination "occurred several months after the alleged [discrimination] and even after the EEOC had issued its right to sue letter," "[t]he EEOC could not have investigated [the termination] because it had not yet happened at the time the EEOC was conducting its investigation." *Vasquez*, 349 F.3d at 645.

In summary, the Court concludes that Studymire has not exhausted her administrative remedies by filing an appropriate charge with the EEOC. The Court therefore will dismiss her action for lack of subject matter jurisdiction.

**IT IS ORDERED:**

1. Bright Horizons' motion to dismiss (Dkt. #9) is **granted**.
2. The Clerk of Court shall terminate this action.

DATED this 22nd day of February, 2010.

_____
David G. Campbell
United States District Judge